# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00856-SEP |
| ) | |
| JEFFERSON COUNTY SHERIFF ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Joseph Michael Devon Engel's Complaint. Doc. [1]. In the body of the Complaint, Plaintiff states that "[t]he county should have to pay for all fees or cost[s]" because he gets only $5.00 per month. Doc. [1] at 1. The Court construes this statement as a motion for leave to proceed *in forma pauperis*. While incarcerated, Plaintiff has brought dozens of civil actions in this Court, at least three of which have been dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, the Court denies Plaintiff's request to proceed *in forma pauperis* and dismisses this action without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### BACKGROUND

Plaintiff is a self-represented litigant currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On September 3, 2020, he began filing civil actions in this Court, each time seeking leave to proceed *in forma pauperis*. Plaintiff's first case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was dismissed on December 14, 2020, for failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-01211 (E.D. Mo. filed Dec. 14, 2020). Subsequently, Plaintiff began filing prisoner civil rights complaints under 42 U.S.C. § 1983. He typically submitted pleadings in bulk, stating that he intended each set to be docketed as an individual civil action. By December 31, 2020, Plaintiff had filed more than 130 civil actions.

1

Because Plaintiff proceeded *in forma pauperis* in each of his many cases, the Court reviewed his complaints under 28 U.S.C. § 1915.  Based on those reviews, Plaintiff's cases were dismissed, either for one of the reasons articulated within § 1915(e)(2)(B) or because Plaintiff failed to comply with Court orders.  By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).  In cases filed after that date, Plaintiff has been denied leave to proceed *in forma pauperis* without prejudice to filing a fully-paid complaint.  In addition to the numerous cases filed by Plaintiff, the Court has received complaints purportedly from other prisoners but written in Plaintiff's handwriting and containing allegations and prayers for relief similar to those Plaintiff has asserted in his own actions.  *See, e.g.*, *Herron v. ERDCC*, No. 4:21-cv-00527 (E.D. Mo. filed May 3, 2021).

After a pause in filings, Plaintiff once again began submitting 42 U.S.C. § 1983 actions on his own behalf on June 9, 2021.  These new complaints are consistent in both substance and form with the dozens that this Court has already found to be frivolous, malicious, and otherwise meritless.  Plaintiff has evidently disregarded the Court's repeated warnings to avoid engaging in abusive litigation practices.

## The Complaint

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983.  The Complaint consists of two handwritten pages and is not on a Court-provided form.  Plaintiff names the Jefferson County Sheriff Department as the lone defendant.  The Court construes the Complaint to raise a claim that he was slandered by an officer of the Jefferson County Sheriff's Department.  Plaintiff asserts that he brings this lawsuit in relation to an incident that occurred while he was in the custody of Jefferson County sometime between 2016 and 2017. Doc. [1] at 1.  Plaintiff alleges that, while housed in "Dorm 2," he contracted an illness that caused him to shake uncontrollably and vomit and defecate blood.  *Id.*

Other inmates advised the staff of Plaintiff's condition, and the staff sent him to the hospital.  At the hospital, a "cop [told] them [what was] going on."  *Id.*  After the officer told "them all the problems" Plaintiff was having, the officer added that Plaintiff's "pants [were] down making them [believe he] was raped."  Plaintiff states that he then began "freaking out" and that he "lost it."  Plaintiff insists that he was not raped, but people believed that he had been.  He asserts that an "Aryan Circle member" could have beaten him "half to death."  Plaintiff alleges that this incident constitutes slander of his name by the Jefferson County

2

officer.  He contends that "no one in their right mind would [attempt] something like that."  Plaintiff notes that his pants were "half down" because they were too big.

Plaintiff asserts a violation of his civil rights and civil liberties, PTSD, damage to his physical health, and "mind raping."  He seeks $700 billion in damages.

## DISCUSSION

Plaintiff is a self-represented litigant who seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee.  While he has been incarcerated, Plaintiff has filed dozens of civil actions, at least three of which were dismissed on the basis of frivolity, maliciousness, or for failure to state a claim.  His motion to proceed *in forma pauperis* must therefore be denied, and this case dismissed without prejudice to filing a fully-paid complaint.  *See* 28 U.S.C. § 1915(g).

**I.     28 U.S.C. § 1915(g) mandates denial after "three strikes."**

The Prison Litigation Reform Act "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good."  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The reforms include the "three strikes" provision of 28 U.S.C. § 1915(g).  *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012).  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This section applies if the inmate litigant has three strikes at the time he files his lawsuit.  *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006).  "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."  *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending."  *Id*. at 1765.  For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without.  *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

3

## II.     Plaintiff has accumulated three strikes.

All told, Plaintiff has filed approximately 142 cases in the United States District Court for the Eastern District of Missouri.  Most have been dismissed for frivolity, maliciousness, or for failure to state a claim, including *Engel v. Governor of Missouri*, No. 1:20-cv-00217 (E.D. Mo. filed Dec. 15, 2020); *Engel v. United States of America*, No. 4:20-cv-01742 (E.D. Mo. filed Dec. 18, 2020); and *Engel v. Missouri Courts*, No. 4:20-cv-01258 (E.D. Mo. filed Dec. 21, 2020).  Those three strikes occurred before the filing of the instant action.  Due to Plaintiff's numerous pre-service dismissals, this Court has determined that he is subject to the three-strikes provision of 28 U.S.C. § 1915(g) and has denied him leave to proceed *in forma pauperis*.  *See, e.g.*, *Engel v. ERDCC*, No. 4:20-cv-01941 (E.D. Mo. Jan. 27, 2021).  Therefore, Plaintiff cannot proceed *in forma pauperis* unless § 1915(g)'s imminent danger exception applies.

## III.    Plaintiff has not shown that he is in imminent danger.

An indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).  The exception provides a "safety valve for the three strikes rule to prevent impending harms."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  For this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Id*.  The prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin*, 319 F.3d at 1050.

Plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury.  Plaintiff alleges that this event occurred between 2016 and 2017—several years before the filing of this action.  And Plaintiff is no longer incarcerated in Jefferson County.  As such, the alleged danger is unquestionably historical, not imminent.  Because Plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies, the Court must deny his motion for leave to proceed *in forma pauperis* and dismiss this action without prejudice to filing a fully-paid complaint.

4

IV. **Abusive Litigation Advisory**

Because Plaintiff has accumulated more than the three strikes under 28 U.S.C. § 1915(g), his request for leave to proceed *in forma pauperis* is denied without prejudice to the filing of a fully-paid complaint. Additionally, the Clerk of Court will be instructed to request that the agency having custody of Plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 in civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and he is cautioned to avoid such practices in the future. For each complaint Plaintiff files, the Court will instruct the Clerk of Court to debit his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of Plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 in civil filing fees are paid in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of July, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5